**OAK GROVE RESOURCES, LLC, Petitioner**

v.

**SECRETARY OF LABOR and Federal Mine Safety and Health Review Commission, Respondents.**

No. 12–1223.

United States Court of Appeals, District of Columbia Circuit.

March 29, 2013.

Ralph Henry Moore, II, Patrick Wayne Dennison, Jackson Kelly PLLC, Pittsburgh, PA, for Petitioner.

Jerald S. Feingold, W. Christian Schumann, Esquire, Counsel, Mine Safety & Health Administration (MSHA), Arlington, VA, John Thomas Sullivan, Mine Safety and Health Review Commission (MSHRC), Washington, DC, for Respondents.

Before: GARLAND, Chief Judge, KAVANAUGH, Circuit Judge, and EDWARDS, Senior Circuit Judge.

### JUDGMENT

This petition for review was considered on the record from the Federal Mine Health and Safety Review Commission and on the briefs submitted by the parties. The court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petition for review be **DENIED.**

Oak Grove Resources runs a coal mine in Alabama. Recently, a Mine Safety and Health Administration inspector fined Oak Grove for violating a safety regulation. The specific regulation in question requires mines to examine "at least one entry of each return air course, in its entirety" every seven days when workers are entering underground areas of the mine. 30 C.F.R. § 75.364(b)(2), (f). Those required examinations help ensure proper ventilation. An Administrative Law Judge affirmed the violation and upheld the inspector's conclusion that the violation was both "significant and substantial" and an "unwarrantable failure." The Federal Mine Safety and Health Review Commission denied further review of the decision.

■■■ In this Court, Oak Grove Resources first argues that the violation for failure to examine "at least one entry of each return air course, in its entirety" every seven days was duplicative of another, earlier citation for essentially the same problem. However, as the ALJ explained, the violation and the citation were not duplicative. Each occurred during a different seven-day span of time. Oak Grove next contends that the ALJ's determination that the violation would "significantly and substantially contribute" to a "mine safety or health hazard" was not supported by substantial evidence. We disagree. The record indicated that a compromised ventilation fan, if undetected by inspection, might allow methane and other potentially lethal gasses to build up in the mine and lead to unsafe levels of oxygen. Contrary to Oak Grove's argument, substantial evidence also supported the ALJ's finding that Oak Grove's continued failure to inspect the air course was an "unwarrantable failure" showing "a serious lack of reasonable care." The record reflects that the violations were repeated; that management knew about the failure to inspect the air course and still sent miners underground; that management did not make sufficient efforts to remedy the violation; and that the continued violations could result in serious danger to the miners. In sum, the ALJ's determination is consistent with Commission precedent and supported by substantial evidence, and we deny the petition for review.

The Clerk is directed to withhold the issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C. CIR. R. 41.